—Judgment affirmed, without costs o£ this appeal to either party. All concur, except Dowling and McCurn, JJ., who dissent and vote for reversal and for granting a new trial in the following memorandum: The Court of Claims has properly determined that the claimant’s compensable damages are limited to those caused by the interference with Ms easement of light, air and access in and to the street in front of the premises known as 339 West Jefferson Street. The court also correctly determined that damages could not be allowed for the closing of. West Jefferson Street to the east. On the trial, however, neither party offered evidence as to the damage caused to the parcel known as 339 West Jefferson Street because of impairment of the easement of light, air and access to that parcel. Both claimant and the State offered evidence of the value before and after the erection of the elevation embankment of all of claimant’s parcels of property taken as a whole. Such a difference in value before and after upon the theory of damages adopted at the trial constitutes the entire damage to the whole property resulting from the closing of the street to the east together with the damage due to interference with claimant’s easement of light, air and access. These elements of damage were not separated, nor were they apportioned to the parcel known as 339 West Jefferson Street. It is evident that the learned trial judge must have based the award on observations made by himself when he viewed the premises. While he was entitled to use Ms independent judgment in making an award, still there should be some evidence in the record by which an appellate court can test the award against a claim as here made that it is arbitrary. Unless tMs be the rule, the presentation of evidence in support of a claim where the trier of the facts has viewed the premises, would be an idle ceremony. Moreover, sMce the State, as well as the claimant, tried the case upon an erroneous theory as to damages, the claimant should now in all fairness be afforded an opportunity to offer evidence in accordance with the proper rule. We therefore dissent and vote for reversal of the judgment and for a new trial. (The judgment is for claimant on a claim for damages to commercial property owned by claimant in the city of Syracuse, alleged to have resulted by reason of the elevation of a railroad on land adjacent to claimant’s property.) Present — Taylor, P. J., Dowling, Harris, MeCum and Larkin, JJ.